IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-99-FL

| | |
|---|---|
| KATHY R. ABERNATHY, )<br>)<br>Plaintiff/Claimant, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, Commissioner of )<br>Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (DE ## 17 & 21), and defendant's timely objection to the memorandum and recommendations ("M&R") entered by United States Magistrate Judge Robert B. Jones, Jr. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules defendant's objections, adopts the findings in the M&R, and remands the case for further proceedings.

## STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on January 18, 2005, alleging disability beginning July 19, 2002. Plaintiff's claim was denied initially and again upon reconsideration. (R. 13, 51-52, 58-60.) Plaintiff then requested and received a hearing before an administrative law judge ("ALJ"), which was held on March 22, 2006. (R. 61, 833-75.) At the hearing, plaintiff was represented by counsel, and the ALJ received testimony from a vocational expert. (R. 13.) The ALJ found plaintiff not disabled in a written opinion issued

August 12, 2006. (R. 13-20.) Plaintiff requested review by the Appeals Council. (R. 10A-10B.) The Appeals Council denied plaintiff's request, making the ALJ's decision defendant's final determination. (R. 5-8.) Plaintiff then commenced the instant action by complaint on July 1, 2008, after receiving leave to proceed *in forma pauperis*. The parties filed their respective cross-motions for judgment on the pleadings, and the United States Magistrate Judge entered an M&R recommending that the court grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings. Defendant timely objected. In this posture, the issues raised by defendant's objections are now ripe for ruling.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing the final decision of defendant is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing a plaintiff's objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

The magistrate judge found that the ALJ improperly disregarded medical records generated post-date last insured ("DLI") without considering their potential relevance. Because those records could be probative of plaintiff's disability prior to her DLI, the magistrate judge found that the ALJ's summary rejection of them was error and recommended the case be remanded for further proceedings. Defendant makes a number of arguments against the magistrate judge's recommendation. First, defendant contends that the magistrate judge failed to recognize that the ALJ actually considered plaintiff's medical records post-DLI. Defendant further argues that the ALJ properly discounted the opinions of physician's assistant Sandra Reed because her opinion was on an issue reserved to defendant. Finally, defendant asserts that the medical evidence post-DLI supports the ALJ's conclusion that plaintiff was not disabled by her mental impairments.

Defendant's first contention is that the magistrate judge incorrectly found that the ALJ summarily rejected relevant post-DLI medical evidence. As an initial matter, the court finds that the magistrate judge was correct in finding that the ALJ may not consider post-DLI records to be automatically irrelevant, see Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987), and that the records in this case may be probative of plaintiff's pre-DLI disability status. There is no question that the ALJ clearly stated that she believed post-DLI evidence was not relevant to the disability determination in this case at plaintiff's hearing. At the very outset of the hearing, the ALJ stated "[a]ll of this voluminous evidence which [plaintiff has] submitted is irrelevant. . . The DLI is December 31, 2004. So, all of the evidence from '05 and '06 is not relevant to my consideration in this case." (R. 835.) After explaining what she meant to plaintiff, the ALJ continued, addressing plaintiff's counsel, by reiterating that "the evidence which has been submitted from 17F forward is

3

not relevant to the establishment of disability prior to 2004." (R. 836.) Plaintiff's counsel then argued for the relevance of the post-DLI records, to which the ALJ responded, "You're entitled to your opinion, Mr. Wittenberg." (R. 836.) This opening colloquy clearly demonstrates that, at hearing, the ALJ did not believe that medical records submitted by plaintiff regarding the post-DLI time period were relevant in evaluating plaintiff's claim.

Defendant argues, however, that the ALJ's written opinion reflects careful consideration of some post-DLI records. For example, defendant points out that the ALJ reviewed two state agency psychiatric consultant reports dated post-DLI and concluded that they were inconsistent with the objective evidence. And, defendant notes that the ALJ mentioned the April 11, 2005 opinion of physician's assistant Sandra Reed, which was also given post-DLI. Though defendant is correct that the ALJ did mention these post-DLI medical opinions, defendant's conclusion that these passing references constitute serious evaluation of the evidence is misplaced. To the contrary, the ALJ's treatment of these records is consistent with the magistrate judge's finding that the ALJ summarily rejected potentially relevant post-DLI evidence. Nothing in the three lines of text in which the ALJ mentions these opinions suggests that the ALJ treated these opinions as relevant to her decision in this case. For example, the ALJ found, without explanation, that the opinions of the state agency psychiatric consultants were "inconsistent with the objective evidence." And, as the magistrate judge found, the ALJ's treatment of Reed's April 11, 2005 opinion does not indicate what, if any, weight she ascribed it. The ALJ did say that Reed's opinion did not deserve the same weight as a treating or other physician, however, she did not indicate whether she gave the April 11, 2005 opinion, or any of Reed's other opinions, any weight. These passing references by the ALJ to post-DLI evidence do not indicate that the ALJ actually considered these medical records in making her determination.

4

Moreover, the ALJ's treatment of Reed's April 11, 2005 opinion was also, as defendant concedes, incorrect. (Def.'s Objection 4.) Simply because Reed is not a physician does not mean that her opinions are automatically entitled to no weight. See Social Security Ruling No. 06-03P, 2006 SSR LEXIS 5, *8, 2006 WL 2329939, *3 (2006). To the contrary, as the Social Security Administration has recognized:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Id. The ALJ here appears not to have considered Reed's opinion, either because Reed is a physician's assistant, because her opinion was produced post-DLI, or both. (R. 18). In either case, as the magistrate judge found, the ALJ's failure to consider Reed's April 11, 2005 opinion, or any of her other opinions, was error.

Defendant argues that this error was harmless because Reed's April 11, 2005 opinion was on an issue reserved to the Commissioner, and, therefore the ALJ's decision not to afford Reed's opinion special weight was correct, even if the stated reason for doing so was incorrect. The flaw in defendant's argument is that it is unclear whether the ALJ gave Reed's opinion any weight. See Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (noting ALJs are "required to explicitly indicate the weight given to all relevant evidence"). Moreover, the ALJ's stated reason for apparently giving no weight to Reed's opinion is improper, and the ALJ elsewhere stated another improper reason that may have also played into her decision to discount Reed's opinion. Though

5

Case 4:08-cv-00099-FL   Document 25   Filed 06/03/09   Page 5 of 7

it does not appear likely from the record, the ALJ may have had a proper reason to discount these post-DLI records. However, the court will not undertake to hazard a guess as to what such valid reasons might be. See Durham v. Apfel, 225 F.3d 653 (table), 2000 U.S. App. LEXIS 18098, *13-14, 2000 WL 1033060, *5 (4th Cir. 2000) (citing Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) (noting where a reviewing court cannot know why the ALJ rejected relevant evidence in the record remand is necessary to clarify the basis for denial of benefits); see also Bill Branch Coal Corp. v. Sparks, 213 F.3d 186, 191 (4th Cir. 2000) (stating court will not guess as to why an ALJ discounted medical evidence). Under such circumstances, the court cannot find that the ALJ properly treated Reed's opinion, or that her treatment of that opinion was harmless.

Defendant's final objection to the M&R is that the post-DLI record evidence does not support a finding that plaintiff was disabled prior to her date last insured. Essentially, defendant invites this court to undertake weighing of the post-DLI evidence for the first time.[1] The court declines defendant's invitation. The ALJ summarily rejected relevant information, and, in doing so, failed to provide this court with an adequate record to fully review her decision in this appeal. As such, the court agrees with the magistrate judge that remanding this case is the better course to follow. Accordingly, defendant's objections to the M&R are OVERRULED.

---

[1] The court notes that defendant repeatedly raises the issue of plaintiff's drug use as a reason that the post-DLI evidence does not support a finding that defendant was disabled. Defendant's arguments here are understandable and proper. Illicit drug addiction, of course, cannot be a material component of a disability for purposes of awarding disability payments. See 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. The record in this case, however, does not appear to be as straightforward in this regard as defendant contends. As the magistrate judge noted, there is at least some evidence that plaintiff's self-reported drug use at the relevant times was fabricated. (M&R 13; R. 769.) Such fabrication would not be surprising where, as here, the patient has been suspected of possible Munchausen syndrome. (R. 276.) Neither defendant, nor the ALJ acknowledge this evidence of possible fabrication of drug use, though it may have some bearing on the ultimate determination in this case.

6

## CONCLUSION

For the foregoing reasons, defendant's objections to the M&R are OVERRULED. Except as heretofore stated, this court adopts the findings and recommendations in the M&R as its own. Plaintiff's motion for judgment on the pleadings is therefore GRANTED, defendants motion for judgment on the pleadings is DENIED, and this case is REMANDED to defendant for further proceedings consistent with this order and the M&R.

SO ORDERED, this the 3rd day of June, 20009.

LOUISE W. FLANAGAN
Chief United States District Judge