IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CV-99-FL

| KATHY R. ABERNATHY, | ) | |
|---|---|---|
| Plaintiff/Claimant, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

This matter comes before this court on the motion for attorney's fees filed by Plaintiff's counsel, Lawrence Wittenburg ("Wittenburg" or "counsel"), pursuant to 42 U.S.C. § 406(b). Wittenburg seeks $9,765.00 in fees from the past-due disability benefits awarded Plaintiff. The Commissioner of Social Security ("Commissioner") has not challenged Wittenburg's motion. The matter is ripe for review. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this court recommends that counsel's motion for attorney's fees be allowed.

## I. BACKGROUND

In the underlying litigation, Plaintiff challenged the final decision of the Commissioner denying her application for a period of disability and Disability Insurance Benefits ("DIB") payments. Plaintiff filed an application for DIB payments on 18 January 2005, alleging disability beginning 19 July 2002. Her claim was denied initially and upon reconsideration. A hearing before the Administrative Law Judge ("ALJ") was held on 22 March 2006. On 12

August 2006, the ALJ issued a decision denying Plaintiff's request for benefits. On 14 June 2008, the Appeals Council denied Plaintiff's request for review.

On 27 June 2008, Plaintiff entered into a contingency fee agreement with counsel in which Plaintiff agreed to the payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to Plaintiff. [DE-32 at 4]. On 1 July 2008, Plaintiff filed a complaint in federal court seeking review of a final administrative decision. On 3 June 2009, the district court adopted the Memorandum and Recommendation of the undersigned and entered judgment remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [DE-25, DE-30]. On 4 September 2009, counsel filed a motion for attorney fees in the amount of $2,686.00[1] pursuant to the Equal Access to Justice Act ("EAJA), 28 U.S.C. § 2412(d). [DE-28]. The Commissioner responded with no objection. [DE-29]. On 22 October 2009, the district court granted counsel's motion for fees pursuant to the EAJA. [DE-30].

The Social Security Administration ("SSA") subsequently awarded Plaintiff $63,060.50 in past due disability benefits but withheld 25 percent of that award ($15,765.13) for attorney's fees. The SSA awarded counsel $6,000.00 of the $15,765.13 in attorney fees for his representation of Plaintiff before the Commissioner pursuant to 42 U.S.C. § 406(a). The SSA is withholding a balance of $9,765.13[2] from Plaintiff's past due benefits, awaiting instructions as to whether counsel is entitled to additional attorney's fees under 42 U.S.C. § 406(b). [DE-32 at 8].

---

[1] The requested fee was based on 17 hours of work at a rate of $158.00 per hour. [DE-28.1, 28.2].

[2] In his motion, counsel approximates the amount withheld by and requested from the SSA to $9,765.00. [DE-31].

2

## II. DISCUSSION

The authority to award attorney's fees in § 406 is divided into two subparts. Section 406(a) provides that whenever there is a claim for benefits before the Commissioner, *the Commissioner makes a favorable determination for the claimant*, and the claimant was represented by an attorney, the Commissioner shall fix a reasonable fee to compensate an attorney for services rendered in connection with such claim. In contrast, Section 406(b)(1)(A) provides "[w]henever *a court renders a judgment favorable to a claimant . . .* who was represented before the court by an attorney, the court may determine and allow . . . a reasonable fee for such representation" provided that these fees are not in excess of twenty-five percent of the amount of past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A) (emphasis added). Where attorney's fees are awarded under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1)(A), "the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award." *Thomas v. Barnhart*, No. 1:02-CV-198, 2005 U.S. Dist. LEXIS 6586, at *5-6, 2005 WL 894886, at *2 (W.D. Va. Apr. 18, 2005). In such a case, the "claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted).

In determining whether the fee sought under section 406(b)(1)(A) is reasonable, the courts should "look[] [] to the contingent-fee agreement, then test[] it for reasonableness." *Gisbrecht*, 535 U.S. at 808; *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (recognizing this same methodology). In so doing, courts should consider the following factors: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the

3

proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case" (i.e., the "windfall" factor). *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808).

Applying these rules to the present facts, this court finds that the requested attorney's fees are reasonable and therefore should be awarded. In this case, counsel has presented the court with a contingent fee agreement entered into between Plaintiff and counsel. The agreement explicitly provides that if counsel prevails before the district court and Plaintiff is subsequently awarded past due disability benefits, Plaintiff agrees to pay counsel 25 percent of those benefits. [DE-32 at 4]. It in its Notice of Award letter, the SSA informed Plaintiff that it had withheld the balance ($9,765.13) of the 25 percent ($15,765.13) from her past due benefits to pay any claimed attorney fee. [DE-32 at 9]. The requested fee is thus in accord with the character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given [] to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). With respect to the results achieved, through counsel's efforts, Plaintiff won a remand for further proceedings, which ultimately resulted in an award of $63,060.50 in past due benefits.

As for the second factor, there is no evidence of delay tactics employed by counsel. Counsel filed a Motion for Leave to Proceed *in forma pauperis* on 27 June 2008, just two weeks upon learning of the Appeals Council's denial of Claimant's request for review of the ALJ's unfavorable decision. Moreover, counsel filed a complaint in the underlying matter on 1 July

4

2008, the same day as the court's granting of Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Counsel efficiently obtained a beneficial result for Plaintiff.

Finally, while "there is no clear set of criteria for determining when an award would result in a windfall . . . [several] factors [] should be considered." *Joslyn*, 389 F. Supp. 2d at 456. These factors include (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Id.* at 456-57. Here, counsel's efforts were clearly successful, the memorandum of law filed in the underlying matter demonstrates skilled legal research and analysis and as explained above, counsel's skill and expertise resulted in the efficient handling of this case. In finding that counsel did not receive a windfall, the court is mindful that

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

*Wilson v. Astrue*, 622 F. Supp. 2d 132, 137 (D. Del. 2008); *see also Gisbrecht*, 535 U.S. at 805. (explaining courts should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits).

5

Thus, considering the deference owed to the agreement between the attorney and the plaintiff, *Joslyn,* 389 F. Supp. 2d at 456, the interest in assuring that attorneys continue to represent clients such as Plaintiff, *Gisbrecht,* 535 U.S. at 805, and the factors identified by the Supreme Court, *id.* at 808, this court finds the requested attorney's fees are reasonable and recommends they be awarded. In particular, because counsel has already been awarded $6,000.00 in fees at the administrative level, the Social Security Administration should release the sum of $9,765.13 to counsel as attorney's fees for services rendered before this court. Counsel shall return to Plaintiff $2,686.00, the fee previously awarded under the EAJA. *See Whitaker v. Astrue,* No. 4:08-CV-105-FL, 2010 U.S. Dist. LEXIS 131703, at *3 (E.D.N.C. Dec. 13, 2010).

### III. CONCLUSION

Based on the foregoing, the court RECOMMENDS the following:

1. Allow counsel's motion [DE-31] and instruct the SSA to release the sum of $9,765.13 to counsel as attorney's fees for services rendered before this court;

2. Direct counsel to refund to Plaintiff $2,686.00 in EAJA fees; and

3. Direct the Clerk to close the case.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 20th day of December, 2010.

                                                  Robert B. Jones, Jr.
                                                  United States Magistrate Judge