IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CV-99-FL

| | |
|---|---|
| KATHY R. ABERNATHY, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the motion for attorney's fees filed by plaintiff's counsel, Lawrence Wittenberg ("counsel"), pursuant to 42 U.S.C. § 406(b). The Commissioner did not file a response within the time permitted for so doing. Thereafter the matter was referred to United States Magistrate Judge Robert B. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) for entry of a memorandum and recommendation ("M&R"). The magistrate judge subsequently issued his M&R wherein it was recommended that counsel's motion for attorney's fees be allowed. No objections to the M&R have been filed, and the time within which to file objections has passed. The issues raised are therefore ripe for review. For the reasons that follow, the court adopts the findings and recommendations of the magistrate judge.

## STATEMENT OF THE CASE

In the underlying litigation, plaintiff challenged the final decision of the Commissioner denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff entered a contingency fee agreement with counsel wherein plaintiff agreed to the payment of

attorney's benefits in the amount of twenty-five (25) percent of any past due benefits awarded to plaintiff. On June 3, 2009, the district court remanded the case to the Commissioner. Thereafter, counsel filed a motion for attorney's fees in the amount of $2,686.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner responded with no objection. On October 22, 2009, the district court granted counsel's motion for fees pursuant to the EAJA.

The Social Security Administration ("SSA") ultimately awarded plaintiff $63,060.50 in past due disability benefits but withheld twenty-five (25) percent of that award ($15,765.13) for attorney's fees. The SSA awarded counsel $6,000.00 of the $15,765.13 in attorney's fees for his representation of plaintiff before the Commissioner pursuant to 42 U.S.C. § 406(a). The SSA is withholding a balance of $9,765.13 from plaintiff's past due benefits, awaiting instructions as to whether counsel is entitled to additional attorney's fees under 42 U.S.C. § 406(b).

## DISCUSSION

A.  Standard of Review

This matter is before the court with benefit of the magistrate judge's thoughtful analysis. Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

B.  Analysis

The magistrate judge in his M&R set forth a thorough discussion of the law surrounding

awards of attorney's fees in social security cases, summarized only briefly here. Pursuant to 42 U.S.C § 406, the court's authority to award attorney's fees is divided into two subparts. Section 406(a) provides that where there is a claim for benefits before the Commissioner, the Commissioner makes a favorable determination for the claimant, and the claimant was represented by an attorney, the Commissioner shall fix a reasonable fee to compensate the attorney. Separately, section 406(b) provides that where a court renders a judgment favorable to a claimant, and the claimant was represented by an attorney, the court may allow a reasonable fee for the attorney's representation, up to twenty-five (25) percent of the amount awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Where attorney's fees are awarded under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 406(b)(1)(A), "the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award." Thomas v. Barnhart, 2005 WL 894886, *2 (W.D.Va., Apr. 18, 2005). In such cases, the claimant's attorney must refund to the claimant the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

The magistrate judge then examined the amount of the attorney's fees sought under § 406(b)(1)(A) is reasonable, looking specifically to those factors set forth by the Supreme Court for determining reasonableness. See Gisbrecht, 535 U.S. at 808. The magistrate judge concluded, and this court agrees, that the amount sought is reasonable. First, the amount sought by counsel comports with the character of the representation and the results the representation achieved, as plaintiff's agreement with counsel contemplated the payment of fees in the amount of twenty-five (25) percent of any past due benefits received, and counsel achieved successful results, specifically, an award to plaintiff of $63,060.50 in past due benefits. Further, there is no evidence that counsel employed tactics to unreasonably delay the proceedings in order to increase his own fee. To the contrary, counsel expeditiously sought review in this court after learning of the Appeals Council's

denial of the plaintiff's request for review of the ALJ's decision. Finally, the award of attorney's fees would not be a windfall to counsel when considering the success of counsel's representation, his demonstrated skill in legal research and argument, the efforts expended by counsel in pursuit of his client's interests, and his efficient handling of the case due to experience. For these reasons, the amount sought by counsel is reasonable.

Finally, the magistrate judge determined that, as counsel has already received $6,000.00 in fees at the administrative level, the SSA should release the additional sum of $9,765.13 to counsel as attorney's fees for services rendered before this court, and that counsel should return to plaintiff $2,686.00, the fee previously awarded under the EAJA. See Gisbrecht, 535 U.S. at 796.

## CONCLUSION

Upon considered review of the issues raised in light of the record and the relevant case law, the court agrees with the magistrate judge's recommendation and accordingly the M&R is ADOPTED in full. Counsel's motion for attorney's fees (DE #31) is GRANTED. The SSA shall release the sum of $9,765.13 to counsel as attorney's fees for services rendered before this court. Counsel shall refund to plaintiff $2,686.00, the amount awarded pursuant to EAJA.

SO ORDERED, this the 7th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge